Nash, J.
 

 Upon the coming in of the answer in this case, the injunction theretofore granted was dissolved. From the pleadings in the ease, it appears, that the defendant, representing himself as the executor of the will of John McLain, of Georgia, and claiming to have full power, as such, under the will, sold to the plaintiff a tract of land lying in Henderson County in this State. The. plaintiff executed to the defendant Ms note or bond for the purchase money payable the 1st clay of January, 1817. This bond bore date in March 1845. At the same time, lbo defendant executed his bond to make title to the plaintiff, when the purchase money was paid. The defendant, without executing or handing to the plaintiff any deed for the land, sued him upon his bond and has obtained a judgment on it, nor has he even brought into Court any deed from himself or from his co-executor, Martin, to the complainant. We think bis Honor erred in dissolving the injunction. The acts to be. performed by these parties were concurrent acts, to be performed at one and the same time. The plaintiff bound himself .to pny the money; duo upon bis bond on the 1st of January,
 
 *168
 
 1847, and the defendant bound himself, at the same time, to make a conveyance of the land. Whichever of the parties, in such a case, takes the initiative, becomes thé actor. A Court of Equity will not compel a purchaser to take a doubtful title. He has a right to have the title brought into Court, and a reference to the Clerk, if he so chooses, to examine and report upon it. This the defendant has not done, and we do not consider him entitled to force the purchase money from the plaintiff, and to throw him upon the uncertain security of his bond to make a conveyance. He is not compellable, in Equity, to part with his money, until the vendor has conveyed or offered to convey the land. This the defendant has not yet done. We do not consider the other objections raised by the answer, as properly before us. The only question referred to us is the propriety of the dissolution of the injunction. We think there was error in dissolving the injunction, and that it ought to be retained to the hearing.
 

 The decree below reversed with costs, as to this Court. This opinion will be certified to the Court of Equity of Henderson County.
 

 Per Curiam.
 

 Ordered to be certified accordingly